IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| CHILDRESS COMPANY, INC., : | |
| : | |
| Plaintiff, : | |
| : | |
| vs. : | CIVIL ACTION 10-0148-KD-M |
| : | |
| AMERICAN COMMERCIAL LINES, LLC.,: | |
| : | |
| Defendant. : | |

REPORT AND RECOMMENDATION

The Motion to Dismiss or, in the Alternative, Motion to Transfer Venue, filed by Defendant American Commercial Lines, LLC. (hereinafter *American*) (Doc. 13),[1] has been referred for report and recommendation, under 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2.  Jurisdiction has been invoked in this Court under 28 U.S.C. § 1333, as this is a maritime action (Doc. 1, ¶ 3).[2]  After consideration, it is recommended that Defendant's Motion to Dismiss be denied, but that the Motion to Transfer Venue (Doc. 13) be granted.  It is further recommended that this action be transferred, pursuant to 28 U.S.C. § 1404(a) to the

---

[1] Because the Court would rather not let what has been accomplished so far in this action go by the wayside, the Court will address the Motion to Transfer rather than the Motion to Dismiss.

[2] Plaintiff has also asserted jurisdiction under 28 U.S.C. § 1332 as the parties are diverse (Doc. 1, § 3).  The Court will proceed, however, under § 1333.

1

Southern District of Indiana, New Albany Division (*see* Doc. 5, Second Defense).

The facts are, briefly, as follows. On August 27, 2007, Plaintiff Childress Company, Inc. (hereinafter *Childress*) and American entered into a Boat Charter Party (hereinafter referred to as *Agreement* or *Charter*) wherein Plaintiff would lease two barges to Defendant for a five-year period which ran from June 1, 2007 through May 31, 2012; Defendant was already in possession of the barges at the commencement of this period, pursuant to a prior agreement (Doc. 1, §§ 6-7; *see also* Doc. 13 Exhibit). Pursuant to the Agreement, a marine surveyor was selected to examine the boat to "make a general conditions survey of each of the barges . . . to make a determination of normal wear and tear versus damage to the barges" (Doc. 1, § 10). The inspector determined that the barges had been damaged so they were removed from the water and placed in a repair yard in Mobile, Alabama (Doc. 1, §§ 13-14). The U.S. Coast Guard, in a later inspection, determined that additional repairs had to be made to the barges (Doc. 1, §§ 14-15).

On March 30, 2010, Childress brought this action, asserting that American owes it more than $250,000 in damage repairs for the two barges, in addition to a daily lease rate of $825 since March 2009 (Doc. 1, §§ 17-20). On June 24, 2010, after filing

an answer to the complaint, American filed this Motion to Dismiss or, in the Alternative, Motion to Transfer Venue (hereinafter *Motion*) (Doc. 13). Plaintiff has responded to the Motion (Doc. 18) to which Defendant has replied (Doc. 20).

American's Motion is based on a clause in the Charter which states as follows:

> 17. <u>Governing Law and Jurisdiction</u>
>
> This Charter is executed in Clark County, Indiana. This Charter shall be construed and its performance shall be in accordance with the general maritime law of the United States, and, to the extent applicable, the laws of the State of Indiana, without giving effect to the conflict of laws principles thereof. Clark County Indiana is the agreed upon and proper and preferred venue for all litigation. The Parties agree that personal subject matter jurisdiction exist [sic] in Clark County, Indiana.

(Doc. 13 Exhibit). Plaintiff does not dispute that it signed the Charter which contained this provision (Doc. 18, p. 5); furthermore, Childress "admits that the forum selection clause was freely and fairly negotiated by experienced professionals" (Doc. 18, p. 8).

Both parties agree that the controlling authority, in this circuit, is *P & S Business Machines, Inc. v. Cannon USA, Inc.*, 331 F.3d 804, 807 (11th Cir. 2003) which set forth eight

principles for considering "whether a case should be removed to another jurisdiction pursuant to a forum selection clause." Those principles are as follows:

> 1. Forum selection clauses in contracts are enforceable in federal courts. *See e.g. M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15 (1972).
> 2. Consideration of whether to enforce a forum selection clause in a diversity jurisdiction case is governed by federal law, under 28 U.S.C. § 1404(a) (1982), not state law. *See Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 28-29 (1988).
> 3. The burden is on the party opposing the enforcement of the forum selection clause to show that the contractual forum is sufficiently inconvenient to justify retention of the dispute. *See In re Ricoh Corp.*, 870 F.2d 570, 573 (11th Cir. 1989).
> 4. The validity of a forum selection clause is determined under the usual rules governing the enforcement of contracts in general. *See In re Ricoh Corp.*, 870 F.2d at 573-74 (considering whether the clause was "freely and fairly negotiated by experienced business professionals" and whether there was any fraud, duress, misrepresentation, or other misconduct in connection with the agreement to the forum selection clause).
> 5. Under Section 1404(a), the court should consider "the convenience of parties and witnesses" and "the interest of justice," with a choice of forum clause "a significant factor that figures centrally in the district court's calculus." *Stewart Org., Inc.*, 487 U.S. at 29 (emphasis added). "Thus, while other factors might conceivably' militate against a transfer . . . the venue mandated by a choice of forum clause rarely will be outweighed by other 1404(a) factors." *In re Ricoh Corp.*, 870

F.2d at 573.

6. By enforcing the contractual forum, the Court is not attempting to limit the plaintiff's usual right to choose its forum, but is enforcing the forum that the plaintiff has already chosen. *In re Ricoh Corp.*, 870 F.2d at 573.

7. The financial difficulty that a party might have in litigating in the selected forum is not a sufficient ground by itself for refusal to enforce a valid forum selection clause. *See Bonny v. Society of Lloyd's*, 3 F.3d 156, 160 n.11 (7th Cir. 1993) (reasoning that a "party's financial status at any given time in the course of litigation cannot be the basis for enforcing or not enforcing a valid forum selection clause"); *Moses v. Business Card Exp., Inc.*, 929 F.2d 1131, 1138-39 (6th Cir. 1991) (reasoning that economic disparity between franchisor and franchisees and franchisees' claim of financial hardship were insufficient reasons to refuse enforcement of a forum selection clause); *see also Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 594-95 (1991) (rejecting the Court of Appeals' finding of fact on insufficient evidence that respondents were physically and financially incapable of litigating in the selected forum and enforcing the forum selection clause); *Diaz Contracting, Inc. v. Nanco Contracting Corp.*, 817 F.2d 1047, 1052-53 (3d Cir. 1987), *overruled on other grounds by Hays & Co. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 885 F.2d 1149 (3d Cir. 1989) (concluding that the inability of the plaintiff to finance additional litigation in another forum was insufficient to prove unreasonableness).

8. No case has been cited indicating that congestion of the selected forum's court docket should be grounds to avoid enforcement of a forum selection clause. Although docket congestion, if proven, may be an appropriate consideration in a § 1404

> motion to transfer, case law does not suggest that docket congestion is, by itself, a dispositive factor. *See e.g. Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 882-83 (3rd Cir. 1995) (mandating transfer to venue specified in forum selection clause and noting, among other factors, there was no evidence of an appreciable difference in docket congestion between the two forums); *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1516 (10th Cir. 1991) (including "difficulties that may arise from congested dockets" among other factors a district court should consider in deciding a § 1404(a) motion to transfer).

*P&S Business Machines, Inc.*, 331 F.3d at 807-08.

Plaintiff has urged this Court to consider the third and fifth principles in its argument that venue in this Court is appropriate (Doc. 18, pp. 7-8).  With regard to the third principle, the inconvenience of the forum, Childress has asserted that "the majority of the witnesses and contacts to this litigation are located in Mobile and Baldwin Counties;" Plaintiff's attorney is in Alabama (Doc. 18, p. 7).  With regard to the fifth principle, convenience of the parties and witnesses and the interest of justice, Childress asserts that all of Plaintiff's witnesses reside in Alabama; "[t]he U.S. Coast Guard inspectors and the dry dock where the barges were repaired are [all] located in Mobile" (Doc. 18, p. 8).  The Court notes that Plaintiff's evidence consists of unsupported assertions put

6

forth in its responsive brief.

Defendant, on the other hand, has provided a Declaration by Bill Foster, a Vice President and Manager for American, who states that many of Defendant's witnesses reside in or around Jeffersonville, Indiana and that none of its witnesses live or work in Alabama (Doc. 20, Foster Decl., ¶¶ 1, 2, 4).  All of American's relevant documents are in the company office in Jeffersonville, Indiana (*id.* at ¶ 6).

After consideration of all pleadings of record, the Court finds that Plaintiff has entered into a valid Agreement in which it agreed to pursue litigation in the forum of Clark County, Indiana.  Though it is not as convenient for Childress to pursue its claims in Indiana as it is here in Mobile, Plaintiff freely contracted to do so.  The Court finds that Childress has not met its burden of demonstrating that "the contractual forum is sufficiently inconvenient to justify retention of the dispute." *In re Ricoh Corp.*, 870 F.2d at 573.  For that reason, this Court will not ignore the forum selection clause of the Charter.

Therefore, it is recommended that Defendant's Motion to Dismiss be denied, but that the Motion to Transfer Venue (Doc. 13) be granted.  It is further recommended that this action be transferred to the Southern District of Indiana, New Albany Division (*see* Doc. 5, Second Defense).

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
<u>AND FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>

1. **<u>Objection</u>**. Any party who objects to this recommendation or anything in it must, within fourteen days of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge. *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*). The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within fourteen days after being served with a copy of the recommendation, unless a different time is established by order. The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objection party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2. **<u>Transcript (applicable where proceedings tape recorded).</u>** Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate finds that the tapes and original records in this

8

action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

    Done this 27th day of August, 2010.

                                       s/BERT. W. MILLING, JR.
                                       UNITED STATES MAGISTRATE JUDGE